UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CHARLES COOK | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:14-cv-04916 |
| | ) | |
| v. | ) | |
| | ) | **COMPLAINT** |
| PRAXIS FINANCIAL SOLUTIONS, INCORPORATED | ) ) | |
| | ) | |
| Defendant. | ) | **JURY DEMANDED** |
| | ) | |

Now comes the Plaintiff, CHARLES COOK, by and through his attorneys, and for his Complaint, against the Defendant, PRAXIS FINANCIAL SOLUTIONS, INCORPORATED, Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENT**

1. This is an action for damages for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 and 1367, and 15 U.S.C. § 1692k(d). This jurisdiction includes supplemental jurisdiction with respect to pendent state law claims.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this District.

## PARTIES

4. Plaintiff is an individual who was at all relevant times residing in Lynwood, Illinois.

5. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as he is a natural person allegedly obligated to pay a debt.

6. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

7. The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

8. On information and belief, Defendant is a corporation of the State of Illinois, which has its principal place of business in Lincolnwood, Illinois.

## FACTS COMMON TO ALL COUNTS

9. On or about March 11, 2014, Defendant sent Plaintiff a letter in an attempt to collect the alleged debt. Said letter did not contain proper language as required by 15 U.S.C. § 1692g, as it stated that Plaintiff could request the name and address of the original creditor within 30 days, rather than within 30 days of Plaintiff's receipt of said letter.

10. On or about April 7, 2014 at 6:01 p.m., Plaintiff communicated by telephone with an employee, agent and/or representative of Defendant.

11. During this communication, Plaintiff notified Defendant's employee, agent and/or representative that he was represented by a law firm with respect to the alleged debt and provided the attorneys' contact information to Defendant.

12. Despite having been provided with notice of Plaintiff's attorneys' representation, Defendant placed subsequent telephone calls to Plaintiff in further attempts to collect the alleged debt, on or about the following dates and times:

    a. April 9, 2014 at 5:47 p.m.;

    b. May 21, 2014 at 6:41 p.m.;

    c. May 21, 2014 at 6:50 p.m.; and

    d. May 29, 2014.

13. In its attempts to collect the alleged debt as outlined above, Defendant damaged Plaintiff and violated the FDCPA.

14. As a result of Defendant's actions as outlined above, Plaintiff has suffered and continues to suffer humiliation, embarrassment, stress, aggravation, emotional distress and mental anguish.

## COUNT I

15. Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

16. Defendant violated 15 U.S.C. § 1692g by failing to provide a proper legal notice to Plaintiff as required by that section of the FDCPA.

WHEREFORE, Plaintiff prays for the following relief:

    a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

  c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

  d. Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT II

17. Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

18. Defendant violated 15 U.S.C. § 1692b(6) by communicating with Plaintiff after Defendant had been advised that Plaintiff was represented by an attorney with respect to the alleged debt.

 WHEREFORE, Plaintiff prays for the following relief:

  a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

  b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

  c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

  d. Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT III

19. Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

20. Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff after Defendant had been advised that Plaintiff was represented by an attorney with respect to the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

    a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

    d. Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT IV

21. Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

22. Defendant violated 15 USC § 1692d(5) by causing Plaintiffs telephones to ring and/or engaging Plaintiff in conversation repeatedly and continuously with the intent to annoy, abuse and/or harass.

WHEREFORE, Plaintiff prays for the following relief:

    a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b.    Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c.    Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

    d.    Any other legal and/or equitable relief as the Court deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his FDCPA claims in this action.

                        RESPECTFULLY SUBMITTED,

                        CHARLES COOK

                        By:    /s/ David B. Levin
                                Attorney for Plaintiff

David B. Levin
Attorney No. 6212141
UpRight Law LLC
25 E. Washington Street
Suite 400
Chicago, IL 60602
Phone: (312) 878-1867
Fax: (866) 359-7478
dlevin@lawsolutionsbk.com